O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#54/68
CIVIL MINUTES - GENERAL

| Case No. | CV 03-3046 PSG (Ex) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Diana W. McCarthy, et al. v. AstenJohnson, Inc. | | |

Present:    The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                  Not Present

**Proceedings:**     **(In Chambers) Order Granting Plaintiff's Motion for Partial Summary Judgment**

Before the Court is Plaintiff's Motion for Partial Summary Judgment. After considering the moving and opposing papers, as well as argument at the March 2, 2009 hearing, the Court hereby GRANTS Plaintiff's Motion.

I.    Background

Plaintiff Diana Wheeler McCarthy is the widow of decedent, Douglas McCarthy. Plaintiffs Anna Melissa McCarthy and Sara Amanda McCarthy are decedent's surviving daughters. On August 23, 2002, Douglas McCarthy died of mesothelioma, allegedly as a result of exposure to toxic asbestos products manufactured by Defendant AstenJohnson, Inc. Plaintiffs[1] filed a complaint for wrongful death on March 18, 2003 in Los Angeles Superior Court. Defendant removed the action to this Court on April 30, 2003.

In a previous personal injury suit filed by Douglas McCarthy and Diana Wheeler McCarthy against Defendant, *McCarthy v. AcandS, Inc., et al.*, Los Angeles Superior Court Case No. CV 252 223 ("*McCarthy I*"), a jury returned a verdict against Defendant on the McCarthys' strict products liability claim. Plaintiffs now move for partial summary judgment in the instant case, arguing that collateral estoppel bars Defendant from relitigating causation and liability.

II.   Legal Standard

---

[1] The Estate of Douglas McCarthy is also a plaintiff in this action.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#54/68
**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-3046 PSG (Ex) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Diana W. McCarthy, et al. v. AstenJohnson, Inc. | | |

Collateral estoppel precludes relitigation of an issue that was decided in a previous proceeding. *Lucido v. Superior Court*, 51 Cal. 3d 335, 341, 272 Cal. Rptr. 767 (1990). The doctrine applies only if five requirements are met: (1) the issue to be precluded is identical to that decided in a former proceeding; (2) the issue was actually litigated in the previous action; (3) the issue was necessarily decided in the former proceeding; (4) the earlier decision was final and on the merits; and (5) the party against whom collateral estoppel is asserted was a party or in privity with a party to the previous action. *Id.* Further, collateral estoppel bars a party from raising factual matters or legal arguments relevant to the issues litigated in the prior proceedings, such that the matters could have been raised, but were not. *Interinsurance Exch. of the Auto. Club v. Superior Court*, 209 Cal. App. 3d 177, 182, 257 Cal Rptr. 37 (1989). "This principle also operates to demand of a defendant that all of its defenses to the cause of action urged by the plaintiff be asserted under the penalty of forever losing the right to thereafter so urge them." *Id.*

III.   Discussion

Defendant concedes that the judgment in *McCarthy I* was final and on the merits, and that the parties here are the same, or in privity with, the parties in that the prior action. However, Defendant contends that the judgment in *McCarthy I* only established that it was "a cause" of Douglas McCarthy's fatal mesothelioma, and that the issue of proportional or comparative blame of the 27 codefendants[2] named by Plaintiffs in *McCarthy I* was never litigated and decided. Plaintiffs, on the other hand, insist that all defenses to Defendant's liability, including the argument that "other causes" of McCarthy's mesothelioma exist, are precluded by the verdict in *McCarthy I*.

In 1986, California voters adopted Proposition 51, which limits a defendant's liability for noneconomic damages in wrongful death and personal injury actions to the percentage of damages that corresponds with that defendant's proportionate share of fault. Cal. Civ. Code § 1431.2. Thus, a defendant can affirmatively reduce its liability by laying blame on other defendants or even nonparties. *See, e.g., Taylor v. Crane Inc.*, 113 Cal. App. 4th 1063, 1068-71, 6 Cal. Rptr. 3d 695 (2003); *Wilson v. Ritto*, 105 Cal. App. 4th 361, 129 Cal. Rptr. 2d 336 (2003) ("Apportionment of noneconomic damages is a form of equitable indemnity in which a defendant may reduce his or her damages by establishing others are also at fault for the plaintiff's injuries.").

---

[2] The other defendants settled with Plaintiffs.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#54/68
CIVIL MINUTES - GENERAL

| Case No. | CV 03-3046 PSG (Ex) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Diana W. McCarthy, et al. v. AstenJohnson, Inc. | | |

In *McCarthy I*, the jury determined that a defect in Defendant's products was a cause of McCarthy's mesothelioma and did not find that any other entity was also at fault. *See SUF* ¶¶ 4-5. Thus, the issue of Defendant's fault was clearly litigated and decided and necessary to the judgment awarding plaintiffs damages in that action.

Defendant argues that the jury in *McCarthy I* was not instructed to consider whether other entities bore proportional or comparative fault for plaintiffs' damages, nor did the special verdict form require the jury to make any such finding. However, Proposition 51 establishes an affirmative defense; the burden of proof in apportioning noneconomic damages lies with the defendant. *Wilson*, 105 Cal. App. 4th at 369. To warrant the inclusion of an absent party on a special verdict form, the defendant must set forth "substantial evidence" that the other entity was also at fault. *Id.* at 367. Thus, the absence of other entities from the jury instructions and/or special verdict form in *McCarthy I* is attributable to Defendant's failure to establish sufficient evidence as to the fault of any nonparty tortfeasors. *See id.* at 370. Once Plaintiffs sufficiently established Defendant's fault, the burden was on Defendant to prove any affirmative defenses, including proportional liability under Proposition 51. Further, under California law, the fact that no other defendants were litigating the *McCarthy I* action did not preclude Defendant from attempting to establish their comparative or proportional fault, since nonparties and even immune entities may be allocated fault for purposes of determining a defendant's proportionate share of responsibility under Proposition 51. *See Taylor*, 113 Cal. App. 4th at 1071. Accordingly, Defendant is barred from relitigating the issue of its liability, despite its failure to urge the comparative or proportional fault of other entities in *McCarthy I*.[3] *See Interinsurance Exch.*, 209 Cal. App. 3d at 182.

Defendant also argues that collateral estoppel should not be applied here because it did not have a "full and fair opportunity" or an "adequate incentive" to litigate comparative or proportional fault in *McCarthy I*. According to Defendant, any attempt to litigate this issue in the prior action would have been futile because, pursuant to Los Angeles Superior Court General Order ("G.O.") No. 40, the result would not have been binding or enforceable against any codefendant. G.O. 40 provides that any cross-complaint in asbestos litigation will be severed for separate trial. However, the fact that a defendant cannot maintain a cross-complaint against another entity does not limit its right to establish proportional fault under Proposition 51.

---

[3] Evidence submitted by Plaintiffs shows that Defendant made a strategic decision to abandon this affirmative defense in favor of arguing that its products were not the proximate cause of McCarthy's mesothelioma.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#54/68
CIVIL MINUTES - GENERAL

| Case No. | CV 03-3046 PSG (Ex) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Diana W. McCarthy, et al. v. AstenJohnson, Inc. | | |

Defendant has cited no authority to the contrary.[4]

The Court also rejects Defendant's argument that it did not have a "meaningful incentive" to litigate comparative fault in *McCarthy I*. Defendant had ample motivation to attempt to establish the liability of other entities for plaintiffs' injuries in the personal injury action because under Proposition 51, Defendant could not be held liable for a greater proportion of noneconomic damages than was commensurate with its share of fault. Although establishing the fault of another party would not have defeated McCarthy's claim against Defendant, it would have reduced the amount of damages for which Defendant was liable.

Finally, *Bostick v. Flex Equp. Co., Inc.*, 147 Cal. App. 4th 80, 88, 54 Cal. Rptr. 3d 28 (2007), the case which Defendant relies most heavily upon, does not compel a different result. In *Bostick*, the plaintiff sued Flex, an exercise equipment manufacturer, and Gold's Gym for devastating injuries he suffered while lifting weights. The cross-complaints of Flex and Gold's were severed for the purposes of trial. After all parties had rested, Gold's settled the case and was dismissed by plaintiff. The jury returned a verdict against Flex that included a finding that "other entities" were not responsible for the plaintiff's injuries. Gold's then moved for judgment on the pleadings on its cross-complaint for equitable indemnity against Flex based on the jury's findings that the percentage of fault attributable to "other entities" was zero. The court granted judgment for Gold's, and Flex appealed. The appeals court held that the jury's finding did not have a preclusive effect in the indemnity action between Gold's and Flex. It reasoned that because Flex and Gold's did not fully and fairly litigate as adversaries the issue of Gold's

---

[4] Indeed, G.O. No. 40 could not be interpreted otherwise, as local rules, including General Orders, cannot be inconsistent with California law. *See Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953, 967, 67 Cal. Rptr. 2d 16 (1997).

Furthermore, since Proposition 51 put an end to joint and several liability for noneconomic damages in personal injury and wrongful death actions, a defendant is no longer fully liable for unpaid noneconomic damages attributable to the fault of other parties, even those immune from suit. *See Taylor*, 113 Cal. App. 4th at 1068-69 (citing *DaFonte v. UpRight, Inc.*, 2 Cal. 4th 593, 600, 7 Cal. Rptr. 2d 238 (1992)). Thus, at least for noneconomic damages, a defendant will have no cause of action against a codefendant or nonparty for indemnity or contribution, since such a claim lies only when two or more persons are liable for the same harm and one of them discharges the liability of another in whole or in part. *See* Restatement (Third) of Torts § 22 (2008).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**#54/68**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-3046 PSG (Ex) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Diana W. McCarthy, et al. v. AstenJohnson, Inc. | | |

comparative fault, the jury's finding that the percentage of fault attributable to other entities was zero could not be binding on Flex *as a cross-defendant*.

Thus, *Bostick* stands for the proposition that a judgment against one defendant will not have a collateral estoppel effect in a subsequent action for indemnity between codefendants. Accordingly, in the instant case, Defendant would not be collaterally estopped from seeking indemnity from one or more of the other defendants named in *McCarthy I* or this action (despite Defendant's insinuation to the contrary). However, *Bostick* does not stand for the proposition, as Defendant suggests, that a verdict will not have a collateral estoppel effect as between the *plaintiff* and the defendant in a later action.

IV.   Conclusion

For the foregoing reasons, Plaintiffs' motion for partial summary judgment is GRANTED.

**IT IS SO ORDERED.**