O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#55/63/66
CIVIL MINUTES - GENERAL

| Case No. | CV 03-3046 PSG (Ex) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Diana W. McCarthy, et al. v. AstenJohson, Inc. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):           Attorneys Present for Defendant(s):

Not Present                                              Not Present

**Proceedings:**     **(In Chambers) Order Granting Defendant's Motion for Partial Summary Judgment**

Before the Court is Defendant's Motion for Partial Summary Judgment. After considering the moving and opposing papers, as well as argument at the March 2, 2009 hearing, the Court hereby GRANTS Defendant's Motion.

I.    Background

Plaintiff Diana Wheeler McCarthy is the widow of decedent, Douglas McCarthy. Plaintiffs Anna Melissa McCarthy and Sara Amanda McCarthy are decedent's surviving daughters. On August 23, 2002, Douglas McCarthy died of mesothelioma, allegedly as a result of exposure to toxic asbestos products manufactured by Defendant AstenJohnson, Inc. Plaintiffs[1] filed a complaint for wrongful death on March 18, 2003 in Los Angeles Superior Court. Defendant removed the action to this Court on April 30, 2003.

Following a jury trial in a previous personal injury suit against Defendant, *McCarthy v. AcandS, Inc., et al.*, Los Angeles Superior Court Case No. CV 252 223 ("*McCarthy I*"), Douglas McCarthy recovered $900,000 in damages for "general damages," medical and incidental expenses, lost wages and earning capacity, and pain and suffering. Diana Wheeler McCarthy received an award of $100,000 for loss of consortium.

Defendant now moves for partial summary judgment, arguing that res judicata bars most

---

[1] The Estate of Douglas McCarthy is also a plaintiff in this action.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#55/63/66
CIVIL MINUTES - GENERAL

| Case No. | CV 03-3046 PSG (Ex) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Diana W. McCarthy, et al. v. AstenJohson, Inc. | | |

of the damages Plaintiffs seek in the present action.

II.     Legal Standard

Res judicata, or claim preclusion, bars relitigation of a cause of action that was previously adjudicated in another proceeding between the same parties. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th. 888, 896, 123 Cal. Rptr. 2d 432 (2002). Res judicata applies if (1) the decision in the prior proceeding was final and on the merits; (2) the present proceeding is on the same cause of action; and (3) the parties in the present proceeding, or parties in privity with them, were parties to the prior action. *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202, 24 Cal. Rptr. 3d 543 (2004). Causes of action that could have been litigated in the earlier proceeding will also be precluded by res judicata. *Id.*

III.    Discussion

        A.      Loss of Consortium/Wrongful Death

Plaintiffs apparently do not dispute that the first and third requirements of res judicata are satisfied here. Thus, the sole issue is whether Diana's previous loss of consortium claim constitutes the same "cause of action" as the instant claim for noneconomic wrongful death damages. *See Compl. ¶ 35.*

The California Supreme Court has explained that, in the context of res judicata, a "cause of action" refers not to a specific legal theory, but rather to the primary right that defendant's conduct has violated, and which a plaintiff seeks to vindicate. *See Slater v. Blackwood*, 15 Cal. 3d 791, 795-96, 126 Cal. Rptr. 2d 432 (2008). A particular injury might be compensable under multiple legal theories and might entitle a party to several forms of relief; nevertheless, it will give rise to only one cause of action. *Crowley v. Katleman*, 8 Cal. 4th 666, 681-82, 34 Cal. Rptr. 2d 386 (1994).

When a person is nonfatally injured, his or her spouse may sue the tortfeasor for loss of consortium. *Rodriguez v. Bethlehem Steel Corp.*, 12 Cal. 3d 382, 408, 115 Cal. Rptr. 765 (1974). Damages for loss of consortium are intended to compensate a spouse for harm to "the noneconomic aspects of the marriage relation," including the loss of sexual relations, conjugal society, comfort, affection, moral support, companionship, and the injured spouse's physical assistance in operating and maintaining the family home. *Id.* at 385; *Meighan v. Shore*, 34 Cal. App. 4th 1025, 1034, 40 Cal. Rptr. 2d 744 (1995); *Ledger v. Tippitt*, 164 Cal. App. 3d 625, 210

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#55/63/66
CIVIL MINUTES - GENERAL

| Case No. | CV 03-3046 PSG (Ex) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Diana W. McCarthy, et al. v. AstenJohson, Inc. | | |

Cal. Rptr. 814 (1985) (disapproved on other grounds in *Elden v. Sheldon*, 46 Cal. 3d 267, 277, 250 Cal. Rptr. 254 (1988)).

Similarly, in a wrongful death action, a widow or widower may recover damages for loss of the decedent's "love, companionship, comfort, affection, society, solace or moral support, any loss of enjoyment of sexual relations, or any loss of [his or] her physical assistance in the operation or maintenance of the home." *Krouse v. Graham*, 19 Cal. 3d 59, 68, 137 Cal. Rptr. 863 (1977). Notably, in *Krouse*, the California Supreme Court observed that the elements of recovery sought by a widower in a wrongful death action "clearly would be available to him as 'consortium' damages in the usual personal injury action for his wife's injuries." *Id*. at 70 (citing *Rodriguez*, 12 Cal. 3d 382).

*Lamont v. Wolfe*, 142 Cal. App. 3d 375, 190 Cal. Rptr. 874 (1983), is instructive here. In *Lamont*, a husband sued for loss of consortium after his wife was injured, allegedly as a result of the defendants' medical malpractice. His wife died while the case was pending. The husband neglected to file a wrongful death action for over a year, believing that his claim was already before the court. When he amended his complaint to assert a cause of action for wrongful death, the statute of limitations had run. The appeals court held that amendment should have been permitted because the husband's wrongful death action related back to his loss of consortium claim. The court reasoned: "Both complaints issue from the same negligent acts of defendants and the same injuries to [plaintiff]. . . . The injuries suffered by [plaintiff] as husband suing for loss of consortium and as heir suing for wrongful death . . . include the same elements of loss of love, companionship, affection, society, sexual relations, and solace." *Id*. at 379-80.

Accordingly, the Court finds that a claim for loss of consortium and a wrongful death claim for noneconomic damages constitute the same cause of action under California law. Both encompass the same primary right: the plaintiff's enjoyment of the noneconomic aspects of the marital relationship.

Diana argues that her wrongful death claim for "loss of consortium" cannot be precluded because this cause of action did not accrue until her husband's death. Again, *Lamont* is instructive: there, the defendants argued that it was illogical to apply the relation back doctrine because it would result in the husband's wrongful death action relating back to a date before it ever existed. The court rejected this argument, finding that the widower was seeking recovery for the same loss in both actions. 142 Cal. App. 3d at 381-82. The wrongful death claim "was not a wholly different cause of action but more a continuation under a different name of the original cause of action for loss of consortium." *Id*. at 382.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#55/63/66
CIVIL MINUTES - GENERAL

| Case No. | CV 03-3046 PSG (Ex) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Diana W. McCarthy, et al. v. AstenJohson, Inc. | | |

In a related argument, Diana contends that the loss of consortium and wrongful death claims cover "unique, chronologically exclusive injuries." The first harm, she contends, was the harm to the remainder of the marital relationship; the second was her husband's death. Each injury, she suggests, has its own characteristics. However, she does not indicate what characteristics distinguish the injuries, nor does she identify any authority for this assertion.

Diana's argument, although perhaps instinctively attractive, lacks merit. California law does not recognize an injury inherent in a spouse's death. For example, a plaintiff in a wrongful death action may not recover damages for the grief or sorrow attendant upon the death of a loved one, or for the pain or anguish suffered by the person who was killed. *Corder v. Corder*, 41 Cal. 4th 644, 661-62, 61 Cal. Rptr. 3d 660 (2007). Rather, recovery for wrongful death is limited to specific damages: direct pecuniary loss (i.e., the decedent's financial support) and noneconomic losses such as the decedent's love, companionship, comfort, affection, society, solace, or moral support. *Id.* Thus, there is no legal distinction between the noneconomic injury suffered by the spouse of a person who is nonfatally injured and the spouse of a person who is killed. *See Am. Export Lines, Inc. v. Alvez*, 446 U.S. 274, 281, 100 S. Ct. 1673, 64 L. Ed. 2d 284 (1980) (plurality opinion) ("[T]here is no apparent reason to differentiate between fatal and nonfatal injuries in authorizing the recovery of damages for loss of society" under maritime law); *Pesce v. Summa Corp.*, 54 Cal. App. 3d 86, 92, 126 Cal. Rptr. 451 (1975) (applying maritime law) ("[W]e can perceive no logical, sound or rational basis to differentiate between the case where the husband is killed, as contrasted to injured, in respect to the wife's entitlement to recover for loss of consortium.").

Diana also suggests that the jury could not have calculated the proper amount of wrongful death damages in *McCarthy I* because her husband was still alive, and the jury could not presume the time of his death. There are two flaws in this logic. First, the jury was tasked with determining the amount of Douglas McCarthy's "earning capacity reasonably certain to be lost in the future as a result of the injury in question" and compensation for pain and suffering "reasonably certain to be experienced in the future from the same cause." Thus, in order to calculate an award in *McCarthy I*, the jury was required to project the amount of damages Douglas McCarthy would suffer over the course of his life. This illustrates that, despite Diana's argument to the contrary, juries are often forced to presume a time of death for a person who is alive when they are deliberating. *See Allen v. Toledo*, 109 Cal. App. 3d 415, 424, 167 Cal Rptr. 270 (1980) ("The life expectancy of the deceased is a question of fact for the jury to decide.").

Moreover, both Diana and Defendant seem to assume that the jury was required to consider when Douglas McCarthy would die of mesothelioma when calculating the loss of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#55/63/66
CIVIL MINUTES - GENERAL

| Case No. | CV 03-3046 PSG (Ex) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Diana W. McCarthy, et al. v. AstenJohson, Inc. | | |

consortium award in *McCarthy I*. However, whether the jury was aware that the disease would cause Douglas's death, or when they believed he would die, was not relevant to determining Diana's damages in the previous suit. The jury was instructed to compensate Diana for any of the following damages it found she had suffered *or was reasonably certain to suffer in the future*:

> 1. Any loss of her husband's love, companionship, comfort, affection, society, solace, or moral support;
>
> 2. Any loss of enjoyment of sexual relations;
>
> 3. Any loss of her husband's physical assistance in the operation and maintenance of the home.

Dft's Request for Judicial Notice Ex. F 1938:23-1939:16. Nothing in the special verdict form was inconsistent with this instruction. Furthermore, loss of consortium damages are to be measured by the life expectancy that the injured spouse had *before the injury*, or by the life expectancy of the noninjured spouse, whichever is shorter. Cal. Civ. Jury Instr. § 3920. Thus, Diana's award in *McCarthy I* covered the period from the time of her husband's injury to either (1) the expected time of Douglas McCarthy's death *without the injury*, or (2) Diana Wheeler McCarthy's death. Thus, the distinction Diana attempts to draw between "pre-death" and "post-death" benefits is hollow. Wrongful death benefits, in this context, are actually a *subset* of Diana's loss of consortium award.[2] Thus, it is clear that to allow Diana to recover wrongful death benefits for loss of comfort, sexual relations, moral support, physical assistance in maintaining the home, and so on in this action would constitute a double recovery.

      Diana seems to assume that she is entitled to some benefit in addition to the previous award, since her husband has since died. However, a plaintiff would never be entitled to recover wrongful death benefits for a period extending beyond her husband's naturally expected lifespan, since she would obviously have suffered no loss of consortium damages during that time. See *Durham ex. rel. Estate of Wade v. U-Haul Int'l*, 745 N.E.2d 755, 765 (Ind. 2001) (loss of consortium damages are recoverable under wrongful death statute only to the extent that the defendant's tort "caused or accelerated the death of the [injured] spouse"); *Abernathy v. Superior*

---

[2] Diana points to no authority or evidence for her conclusion that the award "was limited to what Diana had lost up to the time of the verdict."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
#55/63/66
CIVIL MINUTES - GENERAL

| Case No. | CV 03-3046 PSG (Ex) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Diana W. McCarthy, et al. v. AstenJohson, Inc. | | |

*Hardwoods, Inc.*, 704 F.2d 963, 972 (7th Cir. 1983) ("You cannot claim loss of consortium for a period after your spouse's death unless the defendant's culpable acts accelerated his death . . . ."). As discussed above, the loss of consortium award in *McCarthy I* included losses Diana was reasonably likely to suffer in the future. Douglas McCarthy's untimely death does not give rise to a second cause of action for additional benefits. The Court finds that res judicata precludes Diana from seeking damages for "loss of consortium," including "affection, society, comfort, support, consortium, [and] companionship," *see Compl.* ¶ 35, in this wrongful death suit.

      B.     Other Damages

Similarly, res judicata bars Plaintiffs from seeking "general damages," medical care and expenses, lost wages or earning capacity, and punitive damages in the present suit, as these damages were also sought in *McCarthy I*. Plaintiffs appear to concede this point, since the opposing papers only address the loss of consortium claim.

IV.    Conclusion

For the foregoing reasons, Defendant's motion for partial summary judgment is GRANTED.

**IT IS SO ORDERED.**